NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEWART HANDTE,<br><br>              Plaintiff - Appellant,<br><br>  v.<br><br>STOREY COUNTY, a political<br>subdivision of the State of Nevada;<br>JAMES G. MILLER; GERALD<br>ANTINORO,<br><br>              Defendants - Appellees. | No. 10-17745<br><br>D.C. No. 3:10-cv-00111-LRH-<br>RAM<br><br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted December 7, 2011<sup>**</sup>
San Francisco, California

Before: TROTT and BEA, Circuit Judges, and STAFFORD, Senior District
Judge.<sup>***</sup>

---

        \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

        \*\*\*     The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for Northern Florida, sitting by designation.

Stewart Handte, formerly a deputy sheriff with the Storey County Sheriff's Office, appeals the district court's dismissal of his amended complaint for failure to state a claim. Although he ultimately resigned from his position as a deputy sheriff, Handte alleged that he was reprimanded, suspended, and then constructively discharged for speaking out on matters of public concern. Handte limits his appeal to the dismissal of his First Amendment retaliation and state law tortious discharge claims. Because the factual and procedural background is familiar to the parties, we do not recount it here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In *Eng v. Cooley*, 552 F.3d 1062 (9th Cir. 2009), this court explained that, in a First Amendment retaliation case, a court must employ a sequential five-step test, considering:

> (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech.

*Id.* at 1070. Because these are sequential steps, a plaintiff's failure to satisfy any one of the steps ends the inquiry. *Johnson v. Poway Unified Sch. Dist.*, 658 F.3d

2

954, 961-62 (9th Cir. 2011). Here, the district court correctly determined that Handte failed at *Eng*'s first step, the public concern step.

Handte alleged that the defendants took action against him after he (1) complained to the defendants about their lack of thoroughness in an Internal Affairs investigation; (2) criticized the defendants regarding a change in their overtime policy; and (3) criticized the defendants regarding a new firearms training practice. As found by the district court, none of Handte's alleged complaints or criticisms supports a First Amendment retaliation claim. Handte's complaints about the defendants' investigative process were focused entirely on an internal investigation into his own conduct, a matter at the core of what is properly considered an individual grievance and not a matter of public concern. Handte's vaguely-alleged criticism about the Sheriff's practice "of when an employee starts and ends overtime" constituted speech about the minutiae of the defendants' internal employment practices rather than speech about a matter of broad societal concern. Handte's alleged criticism of the defendants' firearms training policy—criticism that occurred during the internal affairs investigation into Handte's discharge of a firearm at the shooting range—was a mere extension of Handte's dispute with his superiors over a personnel matter and was not intended to call anyone's attention to a matter of concern to the public.

Under Nevada law, a claim for tortious constructive discharge requires proof that an employee's resignation was "induced by actions and conditions that are violative of public policy." *Martin v. Sears, Roebuck and Co.*, 899 P.2d 551, 553 (Nev. 1995). Here, the district court correctly dismissed Handte's claim for tortious discharge because Handte failed to allege any facts to suggest that his resignation was induced by actions of the defendants that contravened public policy.

**AFFIRMED.**